UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE ARMORED GROUP, LLC,

            Plaintiff,                                            07 Civ. 9694 (LAP)

   *-against-*

HOMELAND SECURITY STRATEGIES, INC.,
SECURITY INTELLIGENCE TECHNOLOGIES,
INC. BEN JAMIL, and CHRIS DECKER,

            Defendants.

------------------------------------------------------------------X

---

**REPLY MEMORANDUM OF LAW OF ALL DEFENDANTS IN SUPPORT OF
SECOND MOTION TO DISMISS THE SECOND, THIRD, FOURTH, SIXTH AND
SEVENTH CAUSES OF ACTION, AND ALL CLAIMS FOR PUNITIVE DAMAGES
AND ATTORNEYS' FEES OF THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

ANDREW GREENE & ASSOCIATES, P.C.
Attorneys for Defendants
202 Mamaroneck Avenue
White Plains, New York 10602
(914) 948-4800

On The Brief: Thomas C. Landrigan (TL-3116)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT .................................................................. 1

    POINT I

    THE SECOND CAUSE OF ACTION FOR FRAUDULENT
    INDUCEMENT SHOULD BE DISMISSED

        A.    The Fraud Claim Contains No Statements of Actionable Present Facts, Is
             Not Collateral to the Contract, And Mere Intent Not to Perform Contract 1

        B.    Plaintiff Has Conceded That The Claim Fails to Plead Fraud With the
             Particularity Required by Second Circuit Precedent ................. 6

    POINT II

    THE THIRD CAUSE OF ACTION FOR TORTIOUS INTERFERENCE
    SHOULD BE DISMISSED ............................................ 7

        A.    Plaintiff Fails to Submit Any Plausible Argument Why Individual
             Officers, Jamil and Decker Are Liable for Tortious Interference ....... 7

        B.    HSS Failed To Tortiously Interfere With Contract .................. 7

    POINT III

    THE PREMATURE FIFTH CAUSE OF ACTION FOR
    INDEMNIFICATION MUST BE DISMISSED ........................ 8

    POINT IV

    THE SEVENTH CAUSE OF ACTION FOR DECLARATORY
    JUDGMENT TO PIERCE THE CORPORATE VEIL OF HSS
    SHOULD BE DISMISSED ........................................... 9

CONCLUSION .............................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Adler v. Berg Harmon Assocs.*, 790 F.Supp. 1222, 1227 (S.D.N.Y.1992) .................. 6

*AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. Partnership*,
   6 F.3d 867, 872 (2d Cir.1993) ........................................ 8

*Courageous Syndicate, Inc. v. People-to-People Sports Committee, Inc.*,
   141 A.D.2d 599, 600, 529 N.Y.S.2d 520, 521 (2d Dep't 1988) ..................... 8

*C3 Media & Marketing Group, LLC v. Firstgate Internet*,
   419 F.Supp.2d 419 (S.D.N.Y. 2005) ................................... 2, 3

*Deerfield Communications Corp. v. Chesebrough-Ponds*,
   68 N.Y.2d 954, 502 N.E.2d 1003 (1986) ................................. 2

*Di Vittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987) ......... 6

*Ehrlich v. Alper*, 145 N.Y.S.2d 252, 253–54 (Sup 1955), order aff'd,
   1 A.D.2d 875, 149 N.Y.S.2d 562 (1st Dep't 1956) ........................... 7

*Global View Ltd. Venture Capital v. Great Cent. Basin*, 288 F.Supp.2d 482 (S.D.N.Y.2003) .. 7

*Guibord v. Guibord*, 2 A.D.2d 34, 153 N.Y.S.2d 457 (1 Dept. 1956),
   motion denied 4 N.Y.2d 777, 173 N.Y.S.2d 16. ............................. 8

*Harrison v. NBD Inc.*, 990 F.Supp. 179, 183 (E.D.N.Y.1998) ....................... 9

*Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320, 776 N.Y.S.2d 273 (1 Dept. 2004) ... 2

*Homburger v. Venture Minerals, Inc.*, No. 80 Civ. 7159, 1985 WL 549, at *2
   (S.D.N.Y. Apr. 24, 1985) .......................................... 5

*IntelliSec v. Firecom, Inc.*, 2001 WL 218940 (E.D.N.Y.) ......................... 8

*Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*,
   296 A.D.2d 103, 744 N.Y.S.2d 384 (1st Dep't 2002) ........................ 7, 8

*Kalin v. Xanboo, Inc.*, 526 F.Supp.2d 392 (S.D.N.Y. 2007) ....................... 6, 9

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007) ............ 1

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) .................. 4

*Plantronics, Inc. v. U.S.*, 1990 WL 3202 (S.D.N.Y.1990) .................. 8

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. De-Con Mech. Contractors*, 896 F.Supp. 342, 347 (S.D.N.Y.1995) .................. 6

*Rahl v. Bande*, 328 B.R. 387, 414 (S.D.N.Y. July 22, 2005) .................. 6

*Rivas v. Amerimed USA, Inc.*, 34 A.D.3d 250, 824 N.Y.S.2d 41 (1 Dept.,2006) .................. 4

*Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir.2004) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993)) .................. 5

*Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990) 5

*Zapin, Endlich & Lombardo, Inc. v. CBS Coverage Group, Inc.*, 26 A.D.3d 231, 232, 809 N.Y.S.2d 64, 64-65 (1st Dep't 2006) .................. 7

**STATUTES:**

Fed.R.Civ.P. 9(b) .................. 4,5, 9

**PRELIMINARY STATEMENT**

Defendants Homeland Security Strategies, Inc. ("HSS"), Security Intelligence Technologies, Inc. ("SIT"), Ben Jamil ("Jamil") and Chris R. Decker ("Decker")(collectively, the "Defendants") respectfully submit this Reply in Support of Their Second motion to dismiss the Second, Third, Fourth, Sixth and Seventh Causes of Action, all claims for attorneys' fees and all claims for punitive damages of the First Amended Complaint filed by the plaintiff, The Armoured Group, LLC ("Plaintiff" or "TAG"). For reasons set forth below and in prior submissions, the motion should be granted.

**ARGUMENT**

**POINT I**

**THE SECOND CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT SHOULD BE DISMISSED**

A.   The Fraud Claim Contains No Statements of Actionable Present Facts, Is Not Collateral to the Contract, And Mere Intent Not to Perform

First, examining the most recent authority, it should be noted that New York Courts presently distinguish between a promissory statement of what will be done in *the future* that gives rise only to a breach of contract cause of action and a misrepresentation of a *present fact* that gives rise to a separate cause of action for fraudulent inducement. To satisfy a motion to dismiss, Plaintiff's allegations in this case must "involve misstatements and omissions of **present facts, not contractual promises regarding prospective performance.**" *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007). Moreover, those misstatement of present fact must be "collateral" to the contract at issue. Id.

Indeed, as the New York Court of Appeal has held:

'a promise made with a preconceived and undisclosed intention of not performing

> it, constitutes a misrepresentation' [if it] . . is not a mere promissory statement as to what will be done in the future [but] . . . rather 'a representation of present fact, not of future intent' . . .collateral to, but which was the inducement for the contract. . .

*Deerfield Communications Corp. v. Chesebrough-Ponds*, 68 N.Y.2d 954, 502 N.E.2d 1003 (1986); *See also The Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320, 776 N.Y.S.2d 273 N.Y.A.D. (1 Dept. 2004)("In a fraudulent inducement claim, the alleged misrepresentation should be one of **then-present fact**, which would be *extraneous to the contract. . .*and not merely a misrepresented intent to perform")(citations omitted)(emphasis added); *C3 Media & Marketing Group, LLC v. Firstgate Internet*, 419 F.Supp.2d 419 (S.D.N.Y. 2005)(Only a misrepresentation regarding a *present fact* may give rise to a claim for fraudulent inducement separate and apart from a breach of contract claim)(emphasis added). Accordingly, Defendants respectfully assert that statements concerning future intent to perform, if any, do not satisfy the most current standards of New York law applicable to fraudulent inducement claims.

Here, all of the purported contractual promises-alleged misstatement are prospective and involve promises concerning future performance. For example, it is alleged that Defendants promised that "HSS would refer. . .customers to TAG [in the future] if TAG entered into this contract with HSS"; "HSS would partner with TAG [in the future]"; failure to wire monies "would [in the future] cause a delay in production"; "HSS. . .would [in the future] do so in a timely manner". (Complaint at 20). All of these allegations do not involve "present" misstatement of fact, but rather involve promises to perform in some fashion in the "future". As such, these allegations are not properly subject of a claim for fraudulent inducement under the most recent New York precedent addressing the issue.

Moreover, these allegations all fall within the purview of alleged agreements and are not

collateral to the parties agreement. Indeed, the allegations assert that Defendant sought to avoid "delay in production" and "increase in prices" (perhaps the best example), to "refer...customers", to perform in a "timely" manner", to "provide products to customers to combat terrorist threats". (Complaint at 20). Each of these allegations is directly connected to the alleged Agreement of the parties (unsigned by Plaintiff) which concerns the delivery of BombJammers to disrupt improvised explosive devices for a price.

Further, it should be noted the Plaintiff's first complaint herein merely alleged that the Defendant misrepresented that they "could" and "would" perform under the Agreement and that this "Amended" pleading merely seeks to elaborate on this flawed theory. In particular, Plaintiff actually seeks to rely on matters clearly addressed and contemplated by the alleged Agreement as purported "present" misstatements of fact.

Most glaringly, Plaintiff alleges that Defendants misrepresented its "present" resources and ability to perform, namely, that "HSS had the capabilities to manufacture and install the four Jammers" and that failure to wire monies (as specifically contemplated by the written Agreement) "would cause delays". These allegations, at best, are no different that the simple flawed allegation that Defendants "represented" that they "could" and "would" perform, but had not intention of doing so. Unfortunately, for Plaintiff these glossed-up claims concerning Defendants alleged inability to perform are simply insufficient to make out anything more than a breach of contract claim. *See e.g. C3 Media & Marketing Group, LLC v. Firstgate Internet*, 419 F.Supp.2d 419 (S.D.N.Y. 2005) (held that" a misrepresentation concerning a party's ability to perform a contract 'in essence is merely a promise to perform under the contract ... and is not actionable in fraud'.. ..representations about its resources 'underscore [that party's] purported intention and ability to perform the contract ... [and]

3

are simply part and parcel of the intention to perform.'").

As evidence of that the claims are not at all collateral to the breach of contract claim, it should be noted that the Second Cause of action offer no explanation for why the officers of HSS should be held personally responsible for the contractual obligations of HSS and the allegations of fraud that relate <u>only</u> to what acts <u>HSS</u> would perform in the future (Complaint at 20). *See e.g. Rivas v. Amerimed USA, Inc.*, 34 A.D.3d 250, 824 N.Y.S.2d 41 (1 Dept.,2006)("The fraud claims against the individual defendants. . . were also properly dismissed inasmuch as plaintiffs fail to allege that the individual defendants, who were members of the corporate defendant's board of directors, breached any duty owed to them separate and apart from the alleged contractual obligations."); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1177 (2d Cir.1993) (citations omitted)("A director is not personally liable for his corporation's contractual breaches unless he assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract. That the director, while acting in his official capacity, took actions that resulted in the breach, does not render him personally liable.") .

**B.   Plaintiff Has Conceded That The Claim Fails to Plead Fraud With the Particularity Required by Second Circuit Precedent**

Tellingly, the concedes that Plaintiff "does not specifically identify the location where the misrepresentations were made"; "does not provide exact dates for the statements"; and fails to sufficiently identify "who" the speaker is concerning each statement, and, as set forth above, fails to show any fraudulent statement in the first instance not arising out of a breach of contract claim. Accordingly, despite citing a series of inapplicable District Court rulings, Plaintiff fails to show compliance with well settled Second Circuit precedent which holds that "9(b). . .require[s] that a

4

complaint [alleging] fraud' '(1)specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent" *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir.2004) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)(emphasis added); *See also Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990)(plaintiff is required to plead a factual basis which gives rise to a strong inference of fraudulent intent).

Surprisingly, the Defendants are still provided with no notice as to whether one or all of the statements are attributed to a particular defendant, when the defendant is to have said the particular statement, whether the statement was made along with other defendants and at what time and location. This is particularly troubling given the individual defendants are also officers and directors of HSS and SIT, and are purportedly, <u>simultaneously</u>, acting on behalf of <u>multiple companies and themselves, individually, all at the same time, all making the exact same statements</u>, etc. (See Complaint at 20). Basic notice is simply not provided and the allegations in totality, and as to each defendant are simply indecipherable. This is particularly true of the individual Defendants and separate entities who have no place in this contractual dispute with HSS.[1]

Indeed, when multiple defendants are named in an action for fraud or mistake, "[Rule 9(b)] requires that plaintiffs specifically state what each particular defendant did or said, by what means, when, to whom and with what intent." *Homburger v. Venture Minerals, Inc.*, No. 80 Civ. 7159, 1985 WL 549, at *2 (S.D.N.Y. Apr. 24, 1985) (citation omitted in original); *see also Di Vittorio v.*

---

[1] Notably, the purported fraudulent statements all concern <u>HSS</u>, as indicated by the following: "monies...wired to <u>HSS</u>"; "<u>HSS</u> would refer...customers", "<u>HSS</u> would partner with TAG"; "<u>HSS</u>..would do so in a timely fashion" (Complaint at 20). It is, therefore, surprising that any other defendant is alleged to be responsible for HSS' purported promises.

*Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Rahl v. Bande*, 328 B.R. 387, 414 (S.D.N.Y. July 22, 2005); *Adler v. Berg Harmon Assocs.*, 790 F.Supp. 1222, 1227 (S.D.N.Y.1992). The plaintiff **"may not rely on sweeping references to acts by all or some of the defendants."** *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. De-Con Mech. Contractors*, 896 F.Supp. 342, 347 (S.D.N.Y.1995)(emphasis added).

Moreover, this blatant failure of basic notice violates even the most favorable authorities cited by the Plaintiff in opposition. *See DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242 (1987)("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Plaintiff's reliance on *Kalin v. Xanboo, Inc.*, 526 F.Supp.2d 392 (S.D.N.Y. 2007) is likewise misplaced as the Court ultimately held that the individual defendant's role within the company did not mean that, "during the meeting with Plaintiff, [the individual defendant] was 'wearing his [company] hat.' *Id.* Indeed, the court held that a person can hold positions as a corporate officer, stockholder, and director of two companies, and yet can be acting in only one of those two roles at a given moment. Accordingly, the Court dismissed a portion of the fraud claim for failure to properly plead same as to a specific defendant, particularly for failure to show scienter. *Id.*

Here, the confusion is absolutely rampant, as the Complaint fails to offer any clue as to the purported "misstatement" made by any particular individual or corporate Defendant, let alone anything remotely close to showing scienter or fraudulent intent on behalf of any particular party. *Responses to pleadings, particularly those sounding in fraud, should not depend on such guesswork.* Accordingly, the redundant, conclusory and deficient Second Cause of Action should be dismissed.

## POINT II

## THE THIRD CAUSE OF ACTION FOR TORTIOUS INTERFERENCE SHOULD BE DISMISSED

A.  **Plaintiff Fails to Submit Any Plausible Argument Why Individual Officers, Jamil and Decker Are Liable for Tortious Interference**

New York Courts treat claims of tortious interference more skeptically in order to insure that for directors and officers' "acts on behalf of their corporation they shall not be left open to claims of this nature whenever the corporation fails to perform a contract; otherwise, corporate functions could not be conducted except at the risk of directors and officers being involved personally in litigation brought by plaintiffs whenever a corporation has breached an agreement." *Ehrlich v. Alper*, 145 N.Y.S.2d 252, 253–54 (Sup 1955), order aff'd, 1 A.D.2d 875, 149 N.Y.S.2d 562 (1st Dep't 1956). *See also Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 744 N.Y.S.2d 384 (1st Dep't 2002). Indeed, attempts to hold directors and officers liable for tortious interference are subject to an "enhanced pleading standard," which requires a plaintiff to plead in non-conclusory fashion the facts establishing all elements of a wrongful and intentional interference with a contractual relationship. *See Zapin, Endlich & Lombardo, Inc. v. CBS Coverage Group, Inc.*, 26 A.D.3d 231, 232, 809 N.Y.S.2d 64, 64-65 (1st Dep't 2006); *Joan Hansen & Co., Inc. v. Everlast supra.; Bonanni v. Straight Arrow Publishers, Inc.*, 133 A.D.2d 585, 520 N.Y.S.2d 7 (1st Dep't 1987); *Global View Ltd. Venture Capital v. Great Cent. Basin*, 288 F.Supp.2d 482 (S.D.N.Y.2003).

Moreover, although a director or officer can be held personally liable for certain torts in which he merely participated, the New York State Appellate Division First Department has recently held that a director or officer is not liable for tortious interference, or inducing a breach of contract,

7

absent allegations that the acts "were performed with malice and were calculated to impair the plaintiff's business for the *personal profit* of the defendant. . .*as opposed to a benefit to the corporation.*" *See Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d at 110 (emphasis added). Moreover, New York courts have required that, in addition to "participation" in the tortuous interference, the director or officer have committed "independent torts or predatory acts **directed at another**." *Courageous Syndicate, Inc. v. People-to-People Sports Committee, Inc.*, 141 A.D.2d 599, 600, 529 N.Y.S.2d 520, 521 (2d Dep't 1988) (citation omitted)(emphasis added). Here, it is clear that none of these standards has been met. Accordingly, the Third Cause of Action against these individual defendants clearly must be dismissed.

**B.     HSS Failed To Tortiously Interfere With Contract.**

The Court is respectfully referred to the argument raised in the Memorandum of Law originally submitted in support of the within motion. In short, the Plaintiff fails to alleged that the Defendant's conduct induced the Plaintiff to failed to perform and otherwise fails to plead an independent tort.

**POINT III**

**THE PREMATURE SIXTH CAUSE OF ACTION
FOR INDEMNIFICATION MUST BE DISMISSED**

Plaintiff's rebuttal on this issue is illogical and fundamentally flawed. In short, no judicial economy is served where there is absolutely no claim whatsoever asserted against the Plaintiff by a third party that requires or contemplates indemnification. Indeed, the claim is completely speculative and address only *"**if** TAG is **ever found liable to its Client**"* (Complaint at ¶64)(emphasis added).

A case is not ripe if it "involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. Partnership*, 6 F.3d 867, 872 (2d Cir.1993). Likewise, New York law clearly provides that a claim for indemnification or contribution is premature where there has been neither entry of judgment nor payment. *IntelliSec v. Firecom, Inc.*, 2001 WL 218940 (E.D.N.Y.); *Plantronics, Inc. v. U.S.*, 1990 WL 3202 (S.D.N.Y.1990); *Guibord v. Guibord*, 2 A.D.2d 34, 153 N.Y.S.2d 457 (1 Dept. 1956), motion denied 4 N.Y.2d 777, 173 N.Y.S.2d 16. (declaratory judgment procedure is intended to deal with actual problems, not remote possibilities which may never eventuate.).

Finally, the Plaintiff points to no authority or allegation that makes a plausible, cognizable claim for how the third party obligations purportedly delegated to HSS under the Agreement were somehow also delegated and assumed, individually, by HSS's officers, Jamil and Decker. These simultaneous claims are both deficient and contradictory under New York law.

### POINT IV

### THE SEVENTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT TO PIERCE THE CORPORATE VEIL OF HSS SHOULD BE DISMISSED

In the interest of brevity, the Court is respectfully referred to the authorities cited in the Memorandum of Law of Defendant first submitted herein. *See also Harrison v. NBD Inc.*, 990 F.Supp. 179, 183 (E.D.N.Y.1998) (noting similarity in standards for piercing corporate veil in New York and Delaware). *Plaintiff's arguments are glaringly deficient because same fail to show any particularity in the alleged "fraudulent statements" which are wholly deficient for the reasons set forth in Point I supra. and in prior briefs to the Court. Particularity is clearly required where, as here, the claim is purportedly based upon an allegation of fraud.*

Plaintiff argues that the claims herein are not merely redundant with a breach of contract

claim, yet claim that to "the extent it is based on some non-fraudulent wrong, like breach of contract, 'Rule 9(b)'" does not apply. (Opposition at 16). In short, Plaintiff cannot allege that a mere breach of contract exists and at the same time fraudulent conduct exists, arising out of the same conduct. These claims made in causes of action Two and Seven are simply redundant. Plaintiff has utterly failed to allege fraud. "Moreover, it is even less clear that [Defendants] used any alleged domination to fraudulently convince Plaintiff to [enter into the agreement herein]. . ." *Kalin v. Xanboo, Inc.*, 526 F.Supp.2d 392 (S.D.N.Y. 2007). The "main ties that Plaintiff alleges" are "common claimed ownership", "a common office" and "common principals and owners.. . However, even if assumed to be true, these facts are insufficient to pierce the corporate veil. . .for the purposes of a motion to dismiss." Id.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second, Third, Fourth, Sixth and Seventh Causes of Action and all claims for punitive damages and attorneys' fees of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: White Plains, New York  
      March 24, 2008

Respectfully submitted,  
ANDREW GREENE & ASSOCIATES, P.C.  
By: /s/Thomas C. Landrigan  
Thomas C. Landrigan (TL-3116)  
Attorneys for Defendants  
202 Mamaroneck Avenue  
White Plains, New York 10602  
(914) 948-4800